Gilbert H. King, J.
This is a motion to dismiss the plaintiffs ’ complaint pursuant to CPLR 3211 (subd. [a], par. 5) on the ground that the action is barred by the Statute of Limitations.
The action was brought to recover damages for personal injuries and property damage allegedly resulting from an automobile accident which occurred on April 14, 1962.
On April 12, 1965, plaintiffs having been unable to serve defendant Johnson personally, delivered the summons for service on that defendant to the Sheriff of Erie County thereby effecting a 60-day extension of the Statute of Limitations as provided by CPLR 203 (subd. [b], par. 4). On June 11, 1965, plaintiffs commenced substituted service pursuant to CPLR 308 (subd. [3]) by serving the summons on a person at the defendant Johnson’s last-known address and by mailing a copy thereof to the defendant at that address. Plaintiffs did not file proof of the substituted service in the Erie County Clerk’s office until June 18, 1965 by which time the three-year statutory limitation and the 60-day extension thereof had expired.
CPLR 308 (subd. [3]) provides that when service is made as provided in that section service is complete 10 days after the filing of proof of service in the County Clerk’s office. It is defendant Johnson’s contention that since the proof of service was not filed within the 60-day extension period created by the delivery of the summons to the Sheriff for service that the Statute of Limitations had run against the plaintiffs’ cause of action.
CPLR 203 (subd. [a]) provides that the time within which an action must be commenced shall be computed from the time the cause of action accrued to the time the claim is ‘1 interposed ”. CPLR 203 (subd. [b], par. 1) provides, inter alia, that a claim asserted in a complaint is “interposed” when “ the summons is served upon the defendant ”. (Emphasis supplied.)
It is the court’s opinion that the “completion” of service by the filing of proof of service does not and was not intended to determine the date of the interposing of a claim. The sole purpose of the 10-day provision is to extend, by that period of time, the defendant’s time to appear, answer or move, in circumstances where he has not been afforded the instantaneous notice of a claim created when the summons is delivered to him personally. This view is supported by the analogous provisions of the CPLR relating to service by publication. In CPLR 203 (subd. [b], par 2) it is provided that a claim is interposed “when first publication of the summons is made ” and in CPLR 316 (subd. [c]) that “'Service by publication *711 is complete on the twenty-eighth day after the day of first publication.” (Emphasis supplied.) In this court’s opinion, commencement, not completion, of service is the threshhold of interposure of a claim where service other than delivery to the defendant in person is used.
Under the facts of this case service was commenced and became effective with the mailing and delivery to a person at the defendant’s dwelling house. The failure to file proof of service merely enlarged the defendant’s time to appear, answer or move. It did not affect the efficacy or timeliness of the service. To hold otherwise would produce the inequitable result of giving to the defendant the defense of the Statute of Limitations when he has had timely notice of the claim.
The motion is denied, without costs.